UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

JEFFREY C. ENGRUM, JR.            CIVIL ACTION NO. 08-cv-1704

VERSUS            JUDGE WALTER

JAMES BANKS, ET AL            MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

Jeffrey Engrum ("Plaintiff") filed this civil rights complaint, alleging excessive force, against Jessie Scriber and James Banks, both of whom were correctional officers at the David Wade Correctional Center. Scriber was served and has defended the complaint. An attempt to serve Banks was unsuccessful, and he has yet to appear in the case. Scriber first filed a motion to dismiss (Doc. 12) for failure to state a claim on which relief may be granted, qualified immunity, and Eleventh Amendment immunity. The motion was granted with regard to Scriber's immunity from any damage award against him in his official capacity, and the same relief was ordered sua sponte for Banks. The motion was denied in all other respects. Docs. 26 and 33.

Scriber has now returned with a **Motion for Summary Judgment (Doc. 41)**. He argues that Plaintiff's excessive force claim is barred under the doctrine of Heck v. Humphrey, 114 S.Ct. 2364 (1994) because a finding of excessive force by the officers would necessarily imply the invalidity of a prison disciplinary proceeding that found Plaintiff guilty

of misconduct during the incident at issue. For the reasons that follow, it is recommended that the motion be denied.

**The Allegations**

Plaintiff's allegations in his amended complaint, which Plaintiff stated should supercede the original complaint, are as follows. Plaintiff alleges that Captain Scriber was escorting him from the recreational area into the N-3 lobby area when Scriber said, "You know you played into my trap nigger boy." Amended Complaint, ¶ 1. Plaintiff asked Scriber to refrain from using racial and derogatory language. Defendant Banks then approached in an aggressive manner and ordered, "Motherfucker, don't say shit," as he pointed a large can of mace at Plaintiff. ¶ 2.

Scriber yelled, "If he says one word mace that boy's ass." ¶ 3. Plaintiff responded that he was not a boy, but a man, then Scriber yelled, "Gas him," and Banks sprayed Plaintiff directly in his face with the chemical agent. Plaintiff was, at all relevant times, in full restraint handcuffs, black box, waist chain, and leg irons. ¶ 4. The mace caused Plaintiff to suffer burning skin on his face, neck, ears, mouth, nose, and eyes. Plaintiff had coughing, sneezing, and burning to his throat and nasal passages, a restriction on the ability to breathe, shortness of breath, dizziness, watering eyes, and temporary blindness. ¶ 5.

Scriber has not submitted affidavits or other summary-judgment evidence that directly challenges these allegations. The motion for summary judgment relies, instead, on the effect of disciplinary charges that stemmed from the altercation.

**The Heck Defense**

Scriber submits certified copies of prison disciplinary records that show Plaintiff was charged with defiance and aggravated disobedience as a result of the incident. Scriber stated in his disciplinary charge that he was escorting Plaintiff along with Sgt. Solomon when Scriber gave Plaintiff a direct verbal order to button the top button of his jumpsuit. Plaintiff allegedly did not comply and stated, "F*** you, white boy!" Scriber wrote that he then gave a second direct order for Plaintiff to button his jumpsuit, but Plaintiff did not comply and continued to yell and curse. Captain Banks was notified by radio.

Captain Banks filed his own charge of defiance based on the incident. He wrote that he was summoned by radio to the area, where he heard Plaintiff yelling in a loud tone of voice at Sgt. Scriber. Banks wrote that he gave Plaintiff a direct order to stop yelling, but Plaintiff responded, "F*** you, p**** ass n*****."

The record also includes a charge of aggravated disobedience filed by Scriber. It is based on essentially the same facts plus the required use of chemical agents after Captain Banks arrived. The copy of this disciplinary report does not indicate its resolution. The copies of the two defiance charges state that Plaintiff was found guilty of each and sentenced to 10 days in isolation and 12 weeks loss of yard and recreation privileges. Scriber's counsel states in her memorandum that Plaintiff was also found guilty of aggravated disobedience, but she says the resulting sentence for all of the charges was the 10 days in isolation and 12

weeks loss of privileges. There is no indication that Plaintiff was deprived of any good time credits.

Heck held that where success in a prisoner's Section 1983 damages action would implicitly question the validity of his conviction or duration of sentence, the prisoner must first achieve favorable termination of his available state or federal habeas opportunities to challenge the underlying conviction or sentence. The rule prevents a prisoner from attempting to achieve through a Section 1983 suit what should be presented through the framework of a habeas corpus proceeding and its related rules and procedures. The Court has also applied Heck in circumstances where a prisoner's claim could affect good-time credits that would impact the time he served in custody. Edwards v. Balisok, 117 S.Ct. 1584 (1997).

Scriber argues that Plaintiff's excessive force claims here necessarily imply the invalidity of his disciplinary convictions, meaning Plaintiff must demonstrate that he has reversed the disciplinary decision or otherwise had it invalidated before he may pursue this Section 1983 claim.

Scriber's argument is foreclosed by Muhammad v. Close, 124 S.Ct. 1303 (2004) which held that Heck does not apply to a prisoner's suit which does not seek a judgment that attacks the prisoner's criminal conviction or the length of his sentence. The prisoner in Muhammad was charged with violating a prison rule against threatening behavior and placed in special detention for six days pending a disciplinary hearing. The prisoner was acquitted

of threatening behavior, but found guilty of a lesser infraction of insolence. The prisoner was ordered to serve an additional seven days of detention and deprived of privileges for 30 days as penalties for insolence. He brought a Section 1983 action that alleged the charges were rooted in retaliation for prior lawsuits and grievances against a corrections officer.

The Supreme Court stated that it was a "mistaken view" that Heck applies categorically to all suits challenging prison disciplinary proceedings. Muhammad, 124 S.Ct. at 1306. Administrative determinations that do not raise any implication about the validity of the underlying criminal conviction and do not directly affect the length of sentence (such as by revocation of good time credits) does not raise a claim for which the prisoner could seek habeas relief, so Heck does not apply. Id.

The same is true in this case. Plaintiff was sentenced to isolation and loss of privileges. He did not lose any good-time credits. His Section 1983 suit does not attack the conviction for which he is incarcerated and would not affect the length of his sentence. There is no habeas remedy for punishments such as loss of privileges that do not affect the length of the prison sentence. Scriber must defend the excessive claim on the merits.

Accordingly;

**IT IS RECOMMENDED** that the **Motion for Summary Judgment (Doc. 41)** be denied.

**Objections**

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this 5th day of February, 2010.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE